```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ERNESTO SURIEL BRITO,

        Petitioner,

   -v-                                        No.  13 Civ. 5887 (LTS)
                                              No.  11 Cr. 1025 (LTS)
UNITED STATES OF AMERICA,

        Respondent.
-------------------------------------------------------x
```

#### MEMORANDUM ORDER

Pro se Petitioner Ernesto Suriel Brito ("Petitioner" or "Suriel") has filed a petition (the "Petition") to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, on the grounds that: (1) the Drug Enforcement Agency ("DEA") agents who first arrested him violated the Eighth Amendment prohibition on cruel and unusual punishment when they delayed in taking him to the hospital to treat his broken finger; (2) he received ineffective assistance of counsel because his attorney did not raise the issue of the agents' alleged deliberate indifference to his medical needs during his prosecution; and (3) he received ineffective assistance of counsel at sentencing because his attorney failed to advise the Court that Petitioner was ineligible for the Residential Drug Abuse Program ("RDAP") and also did not object to the Court's consideration of rehabilitation when imposing its sentence. The Court has carefully considered the parties' submissions and arguments. For the following reasons, the Court denies the Petition.

#### BACKGROUND

On November 29, 2011, Petitioner was charged with conspiring to distribute at least five kilograms of cocaine in violation of 21 U.S.C. § 846 and with conspiring to import into

the United States at least five kilograms of cocaine in violation of 21 U.S.C. § 963.  On March 15, 2012, Petitioner, his counsel and the Government executed a written plea agreement (the "Plea Agreement") which outlined the terms under which Suriel agreed to plea guilty to Count One of the Indictment (conspiracy to distribute at least five kilograms of cocaine in violation of 21 U.S.C. § 846) and the parties stipulated to a Guidelines offense level of 27.[1]  The parties also agreed to a Criminal History Category of I, which meant that Suriel's stipulated Guidelines Range was 70 to 87 months, and they further stipulated that neither a downward departure nor upward departure from that range was warranted.  (Gov't Ex. A. at 3-4.)  Most significantly for the purposes of this Petition, Suriel agreed that he would "not file a direct appeal," nor litigate "under Title 28, United States Code, Section 2255 and/or Section 2241," . . . any sentence within or below the Stipulated Guidelines Range of 70 to 87 months' imprisonment . . ." (Id. at 5.) After a detailed plea allocution, in which the Court informed Suriel, inter alia, of the maximum and minimum penalties he faced, his rights under the Plea Agreement and specifically directed his attention to the provision in the Plea Agreement restricting his ability to appeal or collaterally attack a sentence within or below the Stipulated Guidelines Range, the Court accepted his guilty plea.  (Gov't Ex. B. at 7-15, 20.)

On September 24, 2012, Petitioner was sentenced to sixty months of imprisonment.  The Presentence Investigation Report used the offense level of 27 and a Criminal History Category of I, resulting in a sentencing range of 70 to 87 months, and recommended a sentence of 70 months' imprisonment.  (See PSI ¶¶ 21-31, 36 and 68.)  At the sentencing, Suriel,

---

[1]  The offense level of 27 reflected a base offense level of 32 under U.S.S.G. § 2D1.1(c)(4) because the offense involved between five and fifteen kilograms of cocaine; a two level decrease because Suriel qualified for safety valve relief under U.S.S.G. § 2D1.1(b)(16) and a three-level reduction under U.S.S.G. § 3E.1.

his counsel and the Government did not dispute the merits of the recommendations made in the Presentence Investigation Report and Suriel's counsel argued for a non-Guidelines sentence of twenty-four months while the Government advocated a sentence within the Stipulated Guidelines Range.  (See Sent. Tr. at 6-9.)  After considering carefully the factors under 18 U.S.C. § 3553(a), especially noting the seriousness of the offense, the history and characteristics of Petitioner, including his economic stress at the time of the offense, his positive work history, and his family support, the Court imposed a sentence of sixty months imprisonment followed by two years of supervised release, which was ten months below the bottom of the Stipulated Guidelines Range.  (Id. at 14-17.)

Before concluding the sentencing, the Court also noted that Petitioner's immigration status might preclude him from participating in the RDAP Program, but asked defense counsel if he still wanted the Court to recommend Petitioner for that program.  (Id. at 21.)  Initially, defense counsel declined, but then asked the Court to recommend Petitioner.  The Court did so and told Suriel at the time that it could give him "the opportunity to shorten [his] sentence" and further urged him to take advantage of educational and vocational programs offered to him in prison.  (Id.)  The Court explicitly stated that there was no guarantee that Suriel would be admitted into the RDAP and there is no indication that the decision as to the length of the term of imprisonment imposed was linked to whether Suriel could access rehabilitation through the RDAP.  (Id. at 21-22.)

Petitioner Has Waived His Right to Collaterally Challenge His Sentence

Respondent first argues that Suriel's Petition should be dismissed because Suriel was sentenced to 60 months of imprisonment and he knowingly, voluntarily and expressly

waived his right to collaterally challenge his sentence under Section 2255 if his sentence fell within or below the stipulated Guidelines range of 70 to 87 months.  The Second Circuit has held that waivers of the right to appeal or collaterally attack a sentence such as Suriel's here are presumptively valid and enforceable.  See, e.g., United States v. Lee, 523 F.3d 104, 106 (2d Cir. 2008); see also Concepcion v. United States, Nos. 97 Civ. 2961(SS), 93 CR. 317(SS), 1997 WL 759431, at *2 (S.D.N.Y. Dec.10, 1997) ("[i]t is well established that a petitioner may not use a § 2255 motion to sidestep a plea agreement that stipulates a defendant will waive his right to appeal the merits of a sentence that falls within or below a stipulated range").  "In no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement [or] [s]uch a remedy would render the plea bargaining process and the resulting agreement meaningless." United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993).  The only way to overcome the rebuttable presumption of enforceability is to show that: "(1) the waiver was not knowing, voluntary, and competent; (2) the sentence imposed was based on impermissible factors, such as race or other biases; (3) the Government breached the plea agreement; or (4) the sentencing court failed to enunciate a rationale for the sentence." Santiago-Diaz v. United States, 299 F. Supp. 2d 293, 297-98 (S.D.N.Y. 2004).

   Here, during the plea allocution, the Court throughly examined Suriel's competence to enter the plea and carefully went through the requirements of Federal Rule of Criminal Procedure 11 to ensure that Suriel understood the rights that he would be relinquishing by pleading guilty, Suriel indicated that he understood all of the information.  (See Gov't Ex. B at 4-10.)  The Court also confirmed that Suriel also understood the possible penalties that he

faced from pleading guilty.  (Id. at 12-15.)  Finally, the Court specifically focused Suriel's attention on the meaning of the waiver of appeal provision in the Plea Agreement and Suriel stated that he understood that his "plea agreement provide[d] that [he was] giving up or waiving [his] right to appeal, litigate or challenge [his] sentence under Sections 2255 and/or 2241 of Title 28, and to seek a sentence reduction under Section 3582(c) of Title 18 if [he was] sentence[d] to 87 or fewer months of imprisonment."  (Id. at 20.)  The record demonstrates that the waiver was knowing and voluntary and Suriel does not contend that the sentence imposed was based on any impermissible factor; that the Government breached the plea agreement; or that the Court did not enunciate a rationale for the sentence.  Accordingly, the Court finds that Suriel validly waived his right to collaterally attack his sentence.

Petitioner's Eighth Amendment Claim

Respondent notes correctly that, even if Suriel had not waived his right to collaterally attack his sentence, Petitioner's claim that his Eighth Amendment right was violated is not properly raised in a Section 2255 Petition.  Petitioner claims that the DEA agents who arrested him violated the Eighth Amendment prohibition on cruel and unusual punishment when they failed to immediately take him to the hospital to treat his broken finger.  (See Petition at 4, 15-16 (according to Petitioner, as he was being handcuffed, "he sat awkwardly in such a manner as to catch his fingers, causing his right ring finger to be badly fractured" and then waited approximately eight hours for the agents to take him to the hospital so that his finger could be treated)).[2]

---

[2]  The hospital records note that Suriel's story had changed and that at one point, he said that he had jammed his finger 3 or 4 days before while being handcuffed by the police, but Petitioner disputes that statement and says that he never told the hospital

Because Suriel's deliberate indifference claim "does not challenge any aspect of his conviction or sentencing," his motion cannot be "interpreted as a collateral attack on his criminal conviction under 28 U.S.C. § 2255." Holloway v. United States, No. 05 Civ. 5908(ARR), 2006 WL 516826, at *1 (E.D.N.Y. Feb. 28, 2006) (explaining how claims relating to conditions of confinement are properly brought as Bivens[3] actions).  Petitioner's claim against the DEA agents should be brought as a Bivens action alleging a constitutional tort.  See, e.g., Thomas v. Ashcroft, 470 F.3d 491, 496-97 (2d Cir. 2006).  Petitioner's claim that the DEA agents exhibited deliberate indifference to his medical needs thus fails and the Petition must be denied insofar as it is sought on such grounds.

Petitioner's Ineffective Assistance of Counsel Claim.

Suriel also claims that his attorney was ineffective because he: (1) failed to raise the issue of the agents' purported deliberate indifference to Suriel's medical needs during his arrest; and (2) at sentencing, he failed to advise the Court that Suriel was ineligible for the RDAP and did not object to the Court considering rehabilitation possibilities when imposing the sentence.  (See Petition at 5-7.)  In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-part test to determine whether a lawyer's assistance was ineffective: "First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," which is to be judged by an objective

---

staff that the injury had occurred 3 or 4 days earlier.  (See Petition at 17.)

[3]  Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

standard of reasonableness.  Id. at 687.  Under the first prong, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, bearing in mind [t]hat there are countless ways to provide effective assistance in any given case and [e]ven the best criminal defense attorneys would not defend a particular client in the same way."  United States v. Aguirre, 912 F.2d 555, 560 (2d Cir. 1990) (internal quotation marks and citations omitted).  Second, the defendant must show prejudice from the counsel's performance.  Strickland, 466 U.S. at 687.  The "question is whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt."  Id. at 695.

### Alleged Failure to Raise Issue of Medical Treatment

Reading Suriel's claims liberally, he appears to allege that his interrogation while he was in pain violated his Fifth Amendment rights under Miranda v. Arizona, 384 U.S. 436 (1996).  (See Petition at 16 (Suriel contends that, after his finger was broken, the agents "exploit[ed] movant's extreme pain and suffering over the next seven (7) to eight (8) hours to extract information during his interrogation")).  The "information" that Suriel refers to as having been "extract[ed]" from him appears to be his post-arrest confession.  A confession is involuntary if it is obtained by "techniques and methods offensive to due process . . . or under circumstances in which the suspect clearly had no opportunity to exercise 'a free and unconstrained will.'"  Oregon v. Elstad, 470 U.S. 298, 304 (1985) (internal quotation marks and citation omitted).  A defendant's illness, or pain, will not, by itself, preclude a finding that the defendant's uncoerced waiver of his rights was knowing and intelligent.  See United States v. Khalil, 214 F.3d 111, 121-23 (2d Cir. 2000) (upholding district court's admission of defendant's

statements made before and after life-saving surgery).

Here, Suriel has alleged only that he was in severe pain during the course of his interview. Even if this were true, Suriel provides no evidence that the arresting agents engaged in a coercive effort to elicit a confession from him and only offers the conclusory allegation that they exploited his pain to extract information. (See Petition at 6.) Moreover, Suriel cannot establish prejudice from counsel's failure to raise the issue of medical treatment because suppressing the post-arrest statement would have been unlikely to have affected the outcome of his case. There was significant evidence of Suriel's guilt aside from his confession, including multiple witnesses, recorded telephone calls and meetings and seized cocaine. Suriel also participated in safety valve proffers in which he confessed to the crime. (See Gov't. Mem. in Opp. at 19-20.) Accordingly, Suriel cannot sustain his burden of showing that his lawyer's failure to raise the issue of Suriel's alleged denial of medical care constituted ineffective assistance of counsel.

### Alleged Failure to Object at Sentencing to the Court's Consideration of Petitioner's Potential Admission to the RDAP

Petitioner next argues that his counsel was ineffective for failing to point out to the Court at sentencing that Suriel could not be admitted to the RDAP because he was not a United States citizen and further, that if his lawyer had pointed this out, Petitioner likely would have received a shorter sentence. In Tapia v. United States, 131 S. Ct. 2382 (2011), the Supreme Court, finding that the district court "may have selected the length of the sentence to ensure that [the defendant] could complete the 500 Hour Drug Program," held that 18 U.S.C. § 3582(a) "precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." Id. at 2391-92.

Here, the Court applied the sentencing factors under 18 U.S.C. § 3553(a) in determining Suriel's sentence, considering, inter alia: the personal characteristics of the defendant, the economic distress he was under at the time of the commission of the offense, the serious nature of the crime, and the need for general and specific deterrence. After determining the length of the sentence, the Court asked counsel whether it should recommend Suriel for the RDAP. "A court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs. To the contrary, a court properly may address a person who is about to begin a prison term about these important matters." Tapia, 131 S.Ct at 2392. The Court did not, in any way, connect the length of Suriel's sentence with the drug treatment program and therefore, there was nothing for Suriel's counsel to object to during the sentencing. "[F]ailure to make a meritless argument does not amount to ineffective assistance" under Strickland. United States v. Alvarez, 541 F. App'x 80, 83 (2d Cir. 2013) (internal quotation marks and citation omitted); see also Rodriguez v. United States, No. 04 Civ. 1158(FB), 2005 WL 755769(FB), at *4 (E.D.N.Y. Apr. 4, 2005) (denying ineffective assistance claim for failure to object to leadership enhancement where "it [was] apparent that the Government could have successfully established [Petitioner's] leadership role"). Moreover, Petitioner has also not made any showing that had counsel objected, there would have been an impact on Suriel's sentence. See Burns v. United States, Nos. 07 Civ. 0780(AJP), 04 Cr. 0142(RJH), 2008 WL 5111318, at *15 (S.D.N.Y. Dec. 3, 2008) ("[w]here the petitioner's claim is that counsel was ineffective at the time of sentencing, Strickland applies, and the second prong (prejudice) requires a showing that there is a reasonable probability that, but for counsel's error, the result of sentencing would have been different, that is, the petitioner would have received a lesser sentence").

No Basis for Evidentiary Hearing

Respondent also argues that Suriel's claims of ineffectiveness of counsel should be dismissed without a hearing.  To obtain an evidentiary hearing, the petitioner must establish that he or she has a "plausible claim," United States v. Tarricone, 996 F.2d 1414, 1417-18 (2d Cir. 1993) (internal quotation marks and citations omitted).  Where, as here, the "motion and the files and records of the case conclusively show that the petitioner is entitled to no relief," a court need not hold an evidentiary hearing.  28 U.S.C. § 2255(b); see also Lake v. United States, 465 F. App'x 33, 34-35 (2d Cir. 2012) (an evidentiary "hearing is not required when, 'viewing the evidentiary proffers . . . and record in the light most favorable to the petitioner,' it is clear that the petitioner has failed to establish a 'plausible claim of ineffective assistance of counsel'") (citation omitted)).

CONCLUSION

The Court finds that Suriel's claims are barred by his knowing and voluntary waiver of his ability to collaterally attack his sentence and that his arguments are in any event meritless or improperly brought under Section 2255.  Therefore, Suriel's section 2255 Petition is denied in its entirety without an evidentiary hearing.

As the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C.A. § 2253(c)(1).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully requested to enter judgment denying the Petition, and close this case.

SO ORDERED.

Dated: New York, New York
April 3, 2014

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy of this Memorandum Order mailed to:
Ernesto Suriel Brito
65784-054
Moshannon Valley Correctional Institute
555 Geo Drive
Phillipsburg, PA 16866